Joel E. Elkins (SBN 256020)
jelkins@weisslawllp.com
**WEISSLAW LLP**
9107 Wilshire Blvd., Suite 450
Beverly Hills, CA 90210
Telephone: 310/208-2800
Facsimile: 310/209-2348

*Attorneys for Plaintiff*

*[Additional counsel on signature page]*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENRIQUE HERNANDEZ, Individually and On Behalf of All Others Similarly Situated, | Case No. _____ |
| Plaintiff, | <u>CLASS ACTION</u> |
| v. | **COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS** |
| GUIDANCE SOFTWARE, INC., ROBERT VAN SCHOONENBERG, REYNOLDS C. BISH, MAX CARNECCHIA, JOHN COLBERT, PATRICK DENNIS, MICHAEL MCCONNELL, and WADE W. LOO, | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff Enrique Hernandez ("Plaintiff"), by his undersigned attorneys, for this complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

1

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

## NATURE OF THE ACTION

1.      This action stems from the tender offer announced on July 26, 2017 (the "Tender Offer") by Galileo Acquisition Sub Inc., ("Purchaser"), which is a wholly-owned subsidiary of Open Text Corporation ("Parent" or "Open Text"), to purchase any and all Guidance Software, Inc. ("Guidance" or the "Company") shares that are issued and outstanding, at a purchase price of $7.10 per Company share (the "Offer Price" and the "Proposed Transaction").

2.      On July 25, 2017, Guidance's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Open Text.  Pursuant to the terms of the Merger Agreement, Purchaser launched the Tender Offer on August 8, 2017, which is scheduled to expire on September 6, 2017.  Following the consummation of the Tender Offer and the satisfaction or waiver of certain conditions, Purchaser will be merged with and into the Company (the "Merger"), and the Company will be the surviving corporation.

3.      On August 8, 2017, defendants filed a Solicitation/Recommendation Statement on Schedule 14D-9 (the "Recommendation Statement") with the United States Securities and Exchange Commission ("SEC").  The Recommendation Statement, which recommends that Guidance stockholders tender their shares in favor of the Proposed Transaction, omits or misrepresents material information

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

concerning, among other things: (i) Guidance management's financial projections, utilized by the Company's financial advisor, Morgan Stanley & Co. LLC ("Morgan Stanley") in performing its financial analyses underlying its fairness opinion; (ii) the data and inputs underlying the financial valuation analyses that support Morgan Stanley's fairness opinion; and (iii) Guidance insiders' potential conflicts of interest.  The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") as Guidance stockholders need such information in order to make a fully informed decision whether to tender their shares in support of the Proposed Transaction or seek appraisal.

## JURISDICTION AND VENUE

4.    This Court has jurisdiction over all claims asserted herein pursuant to Section 27 of the Exchange  Act because the claims asserted herein arise under Sections 14(e), 14(d), and 20(a) of the Exchange Act and Rule 14a-9.

5.    This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

6.    Venue is proper under 28 U.S.C. § 1391 because a substantial portion

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

7.    Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Guidance common stock.

8.    Defendant Guidance is a Delaware corporation and maintains its principal executive offices at 1055 E. Colorado Blvd, Pasadena, CA 91106. Guidance's common stock is traded on the NasdaqGM under the ticker symbol "GUID."

9.    Defendant Robert van Schoonenberg ("van Schoonenberg") is a director and Chairman of the Board of Guidance.

10.    Defendant Reynolds C. Bish ("Bish") is a director of Guidance.

11.    Defendant Max Carnecchia ("Carnecchia") is a director of Guidance.

12.    Defendant John Colbert ("Colbert") is a director of Guidance, and served as Chief Executive Officer ("CEO") of Guidance from 2004 to 2008.

13.    Defendant Patrick Dennis ("Dennis") is a director, President, and CEO of Guidance.

14.    Defendant Michael McConnell ("McConnell") is a director of Guidance.

15.    Defendant Wade W. Loo ("Loo") is a director of Guidance.

16.    The defendants identified in paragraphs 10 through 16 are collectively

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

referred to herein as the "Board" or the "Individual Defendants."

## OTHER RELEVANT ENTITIES

17.     Parent is a corporation incorporated under the federal laws of Canada, and a party to the Merger Agreement.

18.     Purchaser is a Delaware corporation, a direct wholly-owned subsidiary of the Parent, and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

19.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Guidance (the "Class").  Excluded from the Class are defendants herein and any person, firm, trust, corporation, or other entity related to or affiliated with any defendant.

20.     This action is properly maintainable as a class action.

21.     The Class is so numerous that joinder of all members is impracticable. As of August 3, 2017, there were 33,431,155 shares of Guidance common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

22.     Questions of law and fact are common to the Class, including, among others, whether defendants will irreparably harm Plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

23.     Plaintiff is committed to prosecuting this action and has retained

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of the other members of the Class and Plaintiff has the same interests as the other members of the Class. Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

24.    The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would substantially impair or impede those non-party Class members' ability to protect their interests.

25.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class. Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

26.    Guidance is the leading global provider of digital investigative solutions. The Company's EnCase platform provides an investigative infrastructure that enables its customers to search, collect, and analyze electronically stored information in order to address human resources matters,

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

litigation matters, allegations of fraud, suspicious network endpoint activity, and to defend and secure their organization's data assets. Guidance's solutions are used by wide array of institutions and are deployed on an estimated 35 million endpoints at more than 70 of the Fortune 100 companies and hundreds of agencies worldwide, from beginning to endpoint.

27.    The Company's main products and services are its forensic security suite of products, including: EnCase Endpoint Security, which provides IT cybersecurity functionality to enterprises and government agencies through its incident response and sensitive data discovery capabilities; EnCase Endpoint Investigator, which provides an investigative platform that enables an organization to search, collect, preserve, and analyze data on the servers, desktops, and laptops across its network; and EnForce Risk Manager, which allows organizations to implement a proactive approach to information governance, ensuring that sensitive data is identified, classified, and remediated.

28.    In addition to its forensic security products, Guidance also offers the following products: EnCase Forensic, which is a forensic investigation solution that enables forensic practitioners to conduct efficient, forensically sound digital data collection and investigations; EnCase eDiscovery, which is an e-discovery solution addressing the end-to-end e-discovery needs of corporations and government agencies; EnCase eDiscovery Review, which is a cloud-hosted, multi-

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

matter review platform; and Forensic appliances, which includes write blockers, forensic duplicators, and storage devices.

29.    Moreover, Guidance complements these offerings with a comprehensive array of professional, subscription, and training services, including technical support and maintenance services to help its customers implement the Company's solutions, conduct investigations, and train their IT and legal professionals to effectively and efficiently use Guidance's products.

30.    On July 25, 2017, the Board caused the Company to enter into the Merger Agreement, pursuant to which the Company will be acquired by Open Text.

***The Recommendation Statement Omits Material Information, Rendering It False and Misleading***

31.    On August 2, 2017, defendants filed the Recommendation Statement with the SEC in connection with the Proposed Transaction. The Recommendation Statement has been disseminated to the Company's stockholders, and solicits the Company's stockholders to tender their shares in the Tender Offer. The Individual Defendants were obligated to carefully review the Recommendation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Recommendation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d)(4), and 20(a) of the Exchange Act.

32.    The Recommendation Statement omits material information regarding the Company's financial projections utilized by the Company's financial advisor, Morgan Stanley in performing its financial analyses underlying its fairness opinion.  The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion.

33.    For example, with respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Recommendation Statement indicates that:

Morgan Stanley performed a discounted equity valuation analysis, which is designed to provide insight into the potential future equity value of a company as a function of such company's estimated future financial performance. The resulting equity value is subsequently discounted to arrive at an estimate of the implied present value of such company's equity value. In connection with this analysis, Morgan Stanley calculated a range of implied present equity values per Company Share on a standalone basis. To calculate the discounted equity value, Morgan Stanley used an estimate of net cash as of the

9

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

end of the second quarter of calendar year 2019 and calendar year 2019 revenue and EBITDA estimates based on the July 2017 Management Projections. Morgan Stanley applied a range of forward multiples (derived from the public trading analysis above and Morgan Stanley's application of its professional judgment and experience) to these estimates and applied a discount rate of 9.9%, which rate was selected, upon the application of Morgan Stanley's professional judgment and experience, to reflect an estimate of the Company's cost of equity.

Recommendation Statement at 36.    The Recommendation Statement fails, however, to disclose estimates of the Company's net cash over the projection period, including the Company's net cash as of the end of the second quarter of calendar year 2019, critical to the analysis.

34.    Additionally, the Recommendation Statement sets forth three sets of projections: (i) October 2016 Management Projections; (ii) April 2017 Management Projections; and (iii) July 2017 Management Projections.    The Recommendation Statement, however, only discloses unlevered free cash flow figures for the July 2017 Management Projections and must disclose the unlevered free cash flow figures for the April 2017 Management Projections and July 2017 Management Projections.  This information is critical for Guidance stockholders to

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

be able to assess whether the Company's cash flow figures were manipulated in order to fit the Offer Price into a range of "fairness".

35.    The    omission    of    this    material    information    renders    the Recommendation Statement false and misleading, including, *inter alia*, the "Certain Unaudited Prospective Financial Information of the Company" section of the Recommendation Statement.

***Material Omissions Concerning Morgan Stanley's Financial Analyses***

36.    The Recommendation Statement omits material information pertaining to Morgan Stanley's financial analyses.  When a banker's endorsement of the fairness of a transaction is touted to stockholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

37.    With respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Recommendation Statement sets forth that:

> Morgan Stanley used estimates from the July 2017 Management Projections and extrapolations from the July 2017 Management Projections for purposes of the discounted cash flow analysis, as more fully described below.  Morgan Stanley calculated the present value of estimated unlevered free cash flows for the Company for the period from the third quarter of 2017 through the fourth quarter of 2017 and

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

each of the calendar years 2018 through 2024.

Recommendation Statement at 37.  The Recommendation Statement, however, only discloses the Company's unlevered free cash flows for years 2017 through 2021.  Critically, the Recommendation Statement fails to disclose the Company's unlevered free cash flows for years 2022 through 2024 or any details of how Morgan Stanley extrapolated the July 2017 Management Projections to calculate the unlevered free cash flow figures for years 2022 through 2024 used in the analysis.  This information takes on critical importance considering that the high end of the implied per share value range resulting from the analysis is above the Offer Price.  Without disclosure of the 2022 through 2024 unlevered free cash flows or information as to how Morgan Stanley extrapolated the July 2017 Management Projections, Guidance stockholders are left in the dark as to whether the extrapolations were appropriate or whether the unlevered free cash flows for 2022 through 2024 were significantly lower than the unlevered free cash flow figures over the projection period covered in the July 2017 Management Projections and that the extrapolations were performed in order to squeeze the Offer Price into a range of "fairness".

38.    Also with respect to Morgan Stanley's *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose the inputs and assumptions underlying the discount rate range selected by Morgan Stanley, as

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

well as the exit multiples that were implied from Morgan Stanley's analysis.

39.     As set forth above, with respect to Morgan Stanley's *Discounted Equity Value Analysis*, the Recommendation Statement fails to disclose estimates of the Company's net cash as of the end of the second quarter of calendar year 2019 and also fails to disclose the inputs and assumptions underlying the discount rate selected by Morgan Stanley.

40.     With respect to Morgan Stanley's *Public Trading Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for the companies observed by Morgan Stanley in the analysis.

41.     With respect to Morgan Stanley's *Precedent Transactions Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for the transactions observed by Morgan Stanley in the analysis.

42.     The omission of this material information renders the Recommendation Statement false and misleading, including, *inter alia*, the "Opinion of the Company's Financial Advisor" section of the Recommendation Statement.

***Potential Conflicts of Interest of the Company's Insiders***

43.     The Recommendation Statement omits material information regarding potential conflicts of interest of the Company's officers.

44.     For example, although not disclosed in the Recommendation

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Statement, the Offer to Purchase for Cash, attached as Exhibit (a)(1)(A) to the Schedule TO Tender Offer Statement, states that:

> Guidance's officers (other than the Chairman of the Guidance Board) immediately prior to the Effective Time will, from and after the Effective Time, continue as the officers of the Surviving Corporation, each to hold office in accordance with the certificate of incorporation and bylaws of the Surviving Corporation until their respective successors shall have been duly elected or appointed and qualified, or until their earlier death, resignation or removal in accordance with the certificate of incorporation and bylaws of the Surviving Corporation.

45.     The Recommendation Statement, however, fails to disclose the timing and nature of all communications regarding the future employment of Guidance's officers, including who participated in all such communications.

46.     Communications regarding post-transaction employment during the negotiation of the underlying transaction must be disclosed to Guidance stockholders.  This information is necessary for stockholders to understand potential conflicts of interest of management and the Board, as that information provides illumination concerning motivations that would prevent fiduciaries from acting solely in the best interests of the Company's stockholders.

47.     The omission of this material information renders the

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

Recommendation Statement false and misleading, including, *inter alia*, the following sections of the Recommendation Statement: (i) "Background and Reasons for the Recommendation;" and (ii) "Agreements or Arrangements with Executive Officers and Directors of the Company."

48.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Guidance's stockholders.

## COUNT I

**(Against All Defendants for Violation of Section 14(e) of the Exchange Act and 17 C.F.R. § 244.100 Promulgated Thereunder)**

49.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

50.    Section 14(e) of the Exchange Act states, in relevant part, that:

It shall be unlawful for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders[.]

15 U.S.C. §78n(e).

51.    Defendants have issued the Recommendation Statement with the

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

intention of soliciting Guidance stockholders to tender their shares. Each of the
defendants reviewed and authorized the dissemination of the Recommendation
Statement, which fails to provide material information regarding Guidance's
financial projections, the valuation analyses performed by Morgan Stanley and
potential conflicts of interest of Company insiders.

52.    In so doing, defendants made untrue statements of fact and/or omitted
material facts necessary to make the statements made not misleading. Each of the
Individual Defendants, by virtue of their roles as officers and/or directors, were
aware of the omitted information but failed to disclose such information, in
violation of Section 14(e). The Individual Defendants were therefore reckless, as
they had reasonable grounds to believe material facts existed that were misstated or
omitted from the Recommendation Statement, but nonetheless failed to obtain and
disclose such information to stockholders although they could have done so
without extraordinary effort.

53.    The Individual Defendants were privy to and had knowledge of the
projections for the Company, the details concerning Morgan Stanley's valuation
analyses and details concerning employment discussions between Company
insiders and Parent. The Individual Defendants were reckless in choosing to omit
material information from the Recommendation Statement, despite the fact that
such information could have been disclosed without unreasonable efforts.

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

54.    The misrepresentations and omissions in the Recommendation
Statement are material to Plaintiff and the Class, who will be deprived of their right
to make an informed decision regarding whether to tender their shares if such
misrepresentations and omissions are not corrected prior to the scheduled
expiration of the Tender Offer on September 6, 2017.  Plaintiff and the Class have
no adequate remedy at law.  Only through the exercise of this Court's equitable
powers can Plaintiff and the Class be fully protected from the immediate and
irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**(Against all Defendants for Violations of Section 14(d)(4) of the Exchange Act
and SEC Rule 14d-9,17 C.F.R. § 240.14d-9)**

55.    Plaintiff repeats and realleges the preceding allegations as if fully set
forth herein.

56.    Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9
promulgated thereunder require full and complete disclosure in connection with
tender offers.  Specifically, Section 14(d)(4) provides that:

> Any solicitation or recommendation to the holders of such a security
> to accept or reject a tender offer or request or invitation for tenders
> shall be made in accordance with such rules and regulations as the
> Commission may prescribe as necessary or appropriate in the public

interest or for the protection of investors.

57.    Rule 14d-9(d), which was adopted to implement Section 14(d)(4) of the Exchange Act, provides that:

Information required in solicitation or recommendation. Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

58.    In accordance with Rule 14d-9, Item 8 requires a Company's directors to "furnish such additional information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

59.    The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits the material facts set forth above, which renders the Recommendation Statement false and/or misleading.

60.    Defendants knowingly or with deliberate recklessness omitted the material information set forth above, causing statements therein to be materially incomplete and misleading.  Indeed, defendants undoubtedly reviewed the omitted

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

material information in connection with approving the proposed merger.

61.    The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the Class, who will be deprived of their right to make an informed decision regarding whether to tender their shares if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.    Plaintiff and the Class have no adequate remedy at law.    Only through the exercise of this Court's equitable powers can Plaintiff and the Class be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT III

**(Against the Individual Defendants for Violations of Section 20(a)**

**of the Exchange Act)**

62.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

63.    The Individual Defendants acted as controlling persons of Guidance within the meaning of Section 20(a) of the Exchange Act as alleged herein.    By virtue of their positions as officers and/or directors of Guidance and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation Statement filed with the SEC, they had the power to influence and control and did influence and control, directly

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

64.    Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

65.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same. The Recommendation Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly connected with and involved in the making of the Recommendation Statement.

66.    In addition, as the Recommendation Statement sets forth, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement.  The Recommendation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered.  The Individual Defendants

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

participated in drafting and/or gave their input on the content of those descriptions.

67.    By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

68.    As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.

69.    As a direct and proximate result of defendants' conduct, Plaintiff and the Class are threatened with irreparable harm.

70.    Plaintiff and the Class have no adequate remedy at law.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff demands injunctive relief in his favor and in favor of the Class and against the defendants jointly and severally, as follows:

A.    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class Representative and his counsel as Class Counsel;

B.    Preliminarily and permanently enjoining defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until defendants disclose the material information identified above which has been

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS

omitted from the Recommendation Statement;

C.      Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff and the Class rescissory damages;

D.      Directing the defendants to account to Plaintiff and the Class for all damages suffered as a result of their wrongdoing;

E.      Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury.

Dated: August 18, 2017            **WEISSLAW LLP**
                                  Joel E. Elkins

                                  By: _____
                                  Joel E. Elkins
                                  9107 Wilshire Blvd., Suite 450
                                  Beverly Hills, CA 90210
                                  Telephone: 310/208-2800
                                  Facsimile: 310/209-2348
                                          -and-
                                  Richard A. Acocelli
                                  1500 Broadway, 16th Floor
                                  New York, NY 10036
                                  Telephone: 212/682-3025
                                  Facsimile: 212/682-3010

                                  *Attorneys for Plaintiff and the Proposed Class*

COMPLAINT FOR VIOLATION OF THE FEDERAL SECURITIES LAWS